SMITH, Justice
(concurring specially).
I concur to deny the petition. The underlying facts of this case are explained in the earlier decision of the Court of Civil Appeals, Madison County Board of Education v. Wilson, 984 So.2d 1153 (Ala.Civ.App.2006), and this Court’s opinion affirm *159 ing that court’s judgment, Ex parte Wilson, 984 So.2d 1161 (Ala.2007). The current procedural posture of this case is explained in part in Chief Justice Cobb’s dissent.
Chief Justice Cobb, in her dissenting opinion, asserts that the petitioner, Laura Wilson, “has sought redress in every reasonable manner in seeking an answer to the question whether a new hearing officer is required on remand.” 14 So.3d at 160. However, instead of filing a “motion for clarification,” Wilson could have sought mandamus relief directing that a hearing be commenced before the original hearing officer after the Madison County Board of Education refused to proceed if the matter was not heard before a new hearing officer.
Additionally, the Court of Civil Appeals’ most recent action in this case merely withdraws an order that placed the case on rehearing ex mero motu. It is unclear how this Court could review such a decision on certiorari review. In any event, the Court of Civil Appeals’ prior decision in this case, which this Court affirmed, remanded the case “for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act.” Madison County Bd. of Educ., 984 So.2d at 1160. The parties have not yet conducted such a hearing. I see no reason why our denial of this petition will prevent the fulfillment of that remand order. Therefore, I concur to deny the petition.